IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

|  |  |  |
|---|---|---|
| ALBON BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. GLS-21-cv-02509 |
| | ) | |
| WSSC WATER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Albon Burns ("Plaintiff") has brought an action against his former employer Washington Suburban Sanitary Commission Water ("Defendant"). (ECF No. 1). Although Plaintiff has not clearly articulated his claim for relief, he appears to generally allege employment discrimination, i.e., that he was "wrongful[ly] dismiss[ed]." (*Id.*; ECF No. 21).[1]

Pending before this Court is Defendant's "Motion to Dismiss Plaintiff's Complaint" ("Motion"). (ECF No. 13). Plaintiff filed an "Answer to Motion" ("Opposition"), and the Defendant filed its Reply. (ECF Nos. 21, 23). The issues have been fully briefed. The Court finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2021). For the reasons set forth below, the Defendant's request to dismiss this case based on Fed. R. Civ. P. 12(b)(1) is denied. However, Defendant's motion to dismiss predicated upon Fed. R. Civ. P. 12(b)(6) is granted.

---

[1] In his opposition to Defendant's Motion to Dismiss, Plaintiff asserts for the first time that his claim arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") (ECF No. 21). As set forth more fully below in Section III.A., the Court may consider Plaintiff's belated clarification.

I.  **BACKGROUND**

   A.  **Procedural Background**

On June 23, 2020, Plaintiff was terminated from his employment. (ECF No. 1-2, p. 3). Following termination, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), and on May 12, 2021, the EEOC issued a notice of Plaintiff's right to sue. (ECF No. 1-2, p. 2).

On September 30, 2021, Plaintiff filed this action against the Defendant. On March 24, 2022, the Defendant filed its Motion. Thereafter, on April 15, 2022, Plaintiff filed his Opposition. On May 4, 2022, Defendant filed a Reply.

   B.  **Factual Background[2]**

On May 22, 2000, Defendant first hired Plaintiff. Plaintiff's most recent position prior to his termination was as a field supervisor. (ECF No. 1-2[3], p. 3). On June 2, 2020, Plaintiff's supervisor called him to determine if Plaintiff had already departed from the "depot" to perform a work assignment. (*Id.*, p. 4). Upon learning that Plaintiff had not yet departed, the supervisor "angrily approached [Plaintiff's] work vehicle" and "banged on the passenger side door." (*Id.*, p. 4). Plaintiff's supervisor yelled at Plaintiff, demanding that he roll down his vehicle window. (*Id.*). Plaintiff's supervisor proceeded to cross in front of the work vehicle to approach the driver's

---

[2] Unless otherwise noted, the facts are taken from Plaintiff's Complaint, ECF No. 1, and the attachments thereto that the Court finds integral to the Complaint. *See* Section III.B.1. *infra*. In addition, this Court assumes Plaintiff's version of facts to be true and construes the facts in the light most favorable to the non-moving party, Plaintiff. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *Baltimore Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 584 (D. Md. 2019).

[3] Plaintiff attaches an April 16, 2021 letter to his Complaint, which is a finding by a Maryland Department of Labor hearing examiner that Plaintiff was not disqualified from seeking unemployment benefits despite being fired from WSSC. (ECF No. 1-2, pp. 3-6). This document is not truly "integral" to the Complaint. However, neither Plaintiff nor Defendant disputes the authenticity of the letter or some of the background facts cited therein. In fact, both parties rely upon these background facts in the Complaint and Motion to Dismiss. (*See* ECF Nos. 1, 13). Thus, the Court includes these facts to paint a clearer picture of the factual background in this case. Ultimately, however, the parties' reliance upon these background facts does not change the Court's analysis. Indeed, as set forth herein, these undisputed background facts are truly immaterial to the Court's analysis.

side door. (*Id.*). Plaintiff attempted to drive away at the same moment that Plaintiff's supervisor "moved to the front of the vehicle." (*Id.*). Following this interaction, Plaintiff's supervisor accused Plaintiff of striking him with the company vehicle. (ECF No. 1, "Complaint," p. 6). Defendant conducted a formal internal investigation and determined that Plaintiff had violated the Defendant's workplace violence policies. (ECF No. 1-2, p. 4). The investigation ultimately resulted in Plaintiff's termination on June 23, 2020. (*Id.*).

Plaintiff denies striking his supervisor with his work vehicle. (Complaint, p. 6). In short, Plaintiff contends that the supervisor's accusations about his conduct are false and that he was wrongfully discharged. (*Id.*). Plaintiff also contends that his termination by the Defendant has negatively impacted his ability to gain employment. (*Id.*).

## II.  STANDARDS OF REVIEW

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1), a party may move to dismiss a complaint for lack of subject matter jurisdiction. In a Rule 12(b)(1) challenge to subject matter jurisdiction, a movant advances either: (1) a facial challenge, i.e., by asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction; or (2) a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (alteration in original) (citation omitted). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192. *Id*. In this case, Defendant advances a facial challenge to subject matter jurisdiction. (ECF No. 13-1, pp. 4-5).

It is well settled that a federal court always has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If a federal court lacks subject matter jurisdiction, then dismissal is appropriate. *See* Fed. R. Civ. P. 12(h)(3).

### B. Motion to Dismiss for Failure to State a Claim

A defendant who files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is asserting that, even if a court construes the facts advanced in the Plaintiff's complaint as true, that complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient facts and must state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (complaint must set forth enough facts as to suggest a "cognizable cause of action"). A claim has "facial plausibility" when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

### A. Subject Matter Jurisdiction

In its Motion, Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's claims. Specifically, Defendant asserts that: (1) diversity of citizenship does not exist because both parties reside in Maryland; and (2) Plaintiff fails to allege sufficient facts to suggest that a federal statute is implicated. Plaintiff counters that he filed his claim under Title VII pursuant to the EEOC Right to Sue letter he received, and therefore invokes federal question jurisdiction.

A federal court has subject matter jurisdiction over a plaintiff's claim only under two circumstances. First, in a case involving a substantial federal question or statute. Second, if the

action is based on diversity of citizenship. Specifically, a federal court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and has original jurisdiction over a civil action where "[a] matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." *See* 28 U.S.C. §§ 1331, 1332(a)(1). A party filing suit in federal court bears the burden of establishing the court's subject matter jurisdiction. *Hertz*, 559 U.S. at 96.

Because Plaintiff is not relying upon diversity of citizenship as a basis for this Court's jurisdiction,[4] the Court's analysis relates only to whether federal question jurisdiction exists.

Plaintiff does not refer to any federal statute in his Complaint. However, in his Opposition, Plaintiff specifically refers to Title VII. Thus, as preliminary matter, this Court must decide whether it may consider Plaintiff's clarification in his Opposition as sufficient to invoke federal jurisdiction. The case of *Moore v. Mt. Saint Joseph High Sch.*, Civ. No. CCB-14-1788, 2014 WL 4854625 (D. Md. Sept. 29, 2014), is instructive. In *Moore,* the plaintiff filed a complaint that did not clearly mention the federal statute that he alleged that the defendant violated. The court found that the plaintiff belatedly clarified in his response to a motion to dismiss that his claims arose under 42 U.S.C. § 1983. The district court opined that plaintiff's failure to reference a federal statute in his complaint could potentially be excused, as the court had not expended "great effort" to determine the purported source of jurisdiction and found it pointless to require the plaintiff to "further amend" the complaint. 2014 WL 4854625, at *2.

In this case, when evaluating whether Plaintiff alleged sufficient facts to confer federal jurisdiction this Court considered the Complaint and the clarification made in Plaintiff's Opposition. Liberally construing Plaintiff's allegations in both pleadings, Plaintiff seems to assert

---

[4] Plaintiff does not allege diversity of citizenship in this case; he lists Maryland as his state of residence and as Defendant's principal place of business. (Complaint, pp. 2, 5).

that he suffered employment discrimination, in violation of Title VII. This Court finds that it would not be an efficient use of judicial resources to require Plaintiff to amend his Complaint merely to reference the statute. The Court, therefore, excuses Plaintiff's "belated invocation of a federal statute." *See Moore*, 2014 WL 4854625, at *2. In sum, this Court holds that Plaintiff has raised a federal question, namely whether the Defendant's conduct violates Title VII. Accordingly, Defendant's dismissal request predicated on Rule 12(b)(1) is denied.

**B. Failure to State a Claim**

Defendant contends that Plaintiff has not stated a claim upon which relief can be granted. According to the Defendant, then, dismissal of this case is appropriate pursuant to Rule 12(b)(6).

*1. Documents Considered*

In general, a Rule 12(b)(6) motion tests the sufficiency of a complaint, and a court's evaluation is "limited to a review of the allegations of the complaint itself." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (quoting *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013)). However, a court may consider other documents submitted by the parties "not attached to or expressly incorporated in a complaint, so long as [any such] document was integral to the complaint and there is no dispute about the document's authenticity." *Staggers v. Becerra*, Civ. No. ELH-21-231, 2021 WL 5989212, at *11 (D. Md. Dec 17, 2021) (quoting *Goines*, 822 F.3d at 166). To be "integral," a document must "by its 'very existence, and not the mere information it contains, give[] rise to the legal rights asserted.'" *Parker v. Children's Nat'l Med. Ctr.*, Inc., Civ. No. ELH-20-3523, 2021 WL 5840949, at *5 (D. Md. Dec. 9, 2021) (quoting *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point*, LLC, 794 F. Supp. 2d 602, 611 (D. Md. 2011)).

In this case, Plaintiff has attached three exhibits to his Complaint for the Court's consideration: (1) the EEOC Notice of Right to Sue, ("Right to Sue Letter") (ECF No. 1-2, p. 2); (2) a "Lower Appeals Decision" issued by the Maryland Department of Labor ("unemployment decision letter") (ECF No. 1-2, pp. 3-6); and (3) the Confidential Stipulated Tolling agreement between the parties ("tolling agreement") (ECF No. 1-4, pp. 1-2).[5]

Regarding the Right to Sue Letter, Plaintiff explicitly references the letter in the Complaint. (Complaint, p. 6). In addition, the letter informs Plaintiff of his right to sue based on a charge Plaintiff filed with the EEOC. Defendant does not contest the authenticity of the document, and the document itself gives rise to Plaintiff's ability to sue his employer. Accordingly, the Right to Sue letter is integral to the complaint. *See Bowie v. Univ. of Maryland Med. Sys.*, Civ. No. ELH-14-03216, 2015 WL 1499465, at *6 (D. Md. Mar. 31, 2015) (EEOC Right to Sue letter integral to employment discrimination complaint).

With respect to the unemployment decision letter, Plaintiff does not reference the letter in the Complaint; rather, he merely attaches it to his Complaint. The unemployment decision letter addresses whether Plaintiff would be eligible for unemployment benefits despite being terminated by the Defendant. While the authenticity of the letter is undisputed, there are no facts in the letter that touch upon any of the factors relevant to Title VII discrimination claim (e.g., race, color, religion, sex, or national origin). Accordingly, this letter is not integral to the Complaint, and will not be considered by the Court when resolving Defendant's Rule 12(b)(6) motion.

---

[5] Plaintiff also attached the Right to Sue Letter again to his Opposition, including an additional page that was not originally attached to the Complaint. There is no additional information in the second page that impacts the Court's analysis.

The tolling agreement is an agreement between the parties to extend the statute of limitations for Plaintiff to file suit against the Defendant. Although the document is mentioned in Plaintiff's Complaint, there are no facts contained therein that mention race, religion, sex, color, or national origin, which must be sufficiently pled to advance a Title VII claim. Any extension of the deadline for Plaintiff to sue the Defendant is immaterial to the question of whether Plaintiff sufficiently alleges Title VII discrimination. Therefore, the agreement is not integral to the Complaint and will not be considered when resolving Defendant's Rule 12(b)(6) motion.

2. *Analysis of Claim Asserted*

Title VII prohibits employers from "discharg[ing] any individual, or otherwise. . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The elements for a prima facie case of discrimination in violation of Title VII are: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class."[6] *See White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801 (1973). A plaintiff must allege facts showing that the plaintiff's status as a member of a protected class is the reason for the adverse employment action. *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015).

---

[6] At this procedural stage, Plaintiff need not establish a *prima facie* case of discrimination. *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002) (holding that the requirements for establishing a *prima facie* case for discrimination set out in *McDonnell Douglas* are an evidentiary standard, not a pleading requirement). Nonetheless, this Court examined "the elements of a prima facie claim [in order] to gauge the adequacy of [Plaintiff's] factual allegations." *Staggers v. Becerra*, Civ. No. ELH-21-0231, 2021 WL 5989212, at *13 (D. Md. Dec. 17, 2021).

This Court must liberally construe a *pro se* plaintiff's claims to ensure that a potentially meritorious claim survives challenge. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). In that regard, this Court measures an "inartfully pleaded" *pro se* pleading by "less stringent standards" than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

It is equally true, however, that a court cannot turn a blind eye to a plaintiff's failure to allege facts that establish a cause of action. Nor can the Court act as an advocate for a *pro se* plaintiff and infer the existence of facts not clearly pleaded. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Construing the facts advanced in the Complaint, Opposition, and the Right to Sue letter as true, Plaintiff fails to sufficiently articulate a plausible Title VII claim. Plaintiff's allegations fall short of stating a claim for discrimination under Title VII for several reasons.

First, to allege membership in a protected class, a plaintiff must allege that he or she falls within a class protected by Title VII. *Okoh v. Univ. of Maryland E. Shore*, Civ. No. AW-08-1855, 2010 WL 118367, at *5 (D. Md. Jan. 7, 2010). Title VII only proscribes employment discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1); *see King v. Seabord Coast Line R. Co.*, 538 F.2d 581, 583 (4th Cir. 1976). Even upon consideration of the documents attached to the Complaint, Plaintiff fails to allege any facts to support how he is a member of a class (e.g., race or color) protected by Title VII.

Second, the law requires Plaintiff to allege that he was performing his job satisfactorily. This requires a plaintiff to provide "detailed factual information regarding performance." *Bynum v. Martin*, Civ. No. GJH-16-2067, 2016 WL 7468050, at *5 (D. Md. Dec. 27, 2016) (holding that conclusory allegation that plaintiff was a "successful performer" was not sufficient to allege satisfactory job performance). Here, Plaintiff denies striking his supervisor with a company

9

vehicle and violating a workplace violence policy.  The Complaint, Opposition, and Right to Sue Letter are devoid of any facts on his job performance.  Even drawing all reasonable inferences in Plaintiff's favor, Plaintiff fails to allege sufficient facts to demonstrate that his job performance was satisfactory when he was terminated.

Third, to allege an adverse employment action, a plaintiff must allege a "significant change in employment status," such as "hiring" or "firing[.]" *Okusami v. Maryland Dep't of Health & Mental Hygiene*, Civ. No. ELH-18-1701, 2019 WL 1003607, at *16 (D. Md. Feb. 28, 2019) (holding that plaintiff had sufficiently alleged an adverse employment action where plaintiff alleged his employment was terminated).  In this case, because Plaintiff has alleged that the Defendant terminated him on June 23, 2020, he has sufficiently alleged an adverse employment action.  However, this fact alone is insufficient to plausibly state a claim for discrimination violating Title VII, as the other elements must also be met.

Fourth, a plaintiff must allege facts to plausibly demonstrate that as a result of his membership in a protected class, he was treated differently than similarly-situated employees outside of the protected class.  *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).  In this case, Plaintiff has failed to allege any facts establishing that he was a member of a protected class who was treated differently from other similarly-situated employees (comparators) because of his protected status.  Consequently, he also fails to sufficiently allege this key element. *See Coleman*, at 190 (absent facts showing that comparators were similarly situated and that plaintiff's membership in a protected class was the cause of adverse action, plaintiff had not sufficiently alleged different treatment).[7]

---

[7] As a corollary, appending an EEOC Right to Sue letter to a complaint that is devoid of any facts is insufficient, by itself, to confer subject matter jurisdiction. *See Baskins v Mack*, Civ. No. 16-1420, 2017 WL 3726751, at *2 (M.D.N.C. Aug. 28, 2017) (holding that an EEOC right to sue letter, absent any additional information about the underlying claims, could not provide a basis for federal question jurisdiction). *See also Moore*, supra, 2014 WL 4854625, at *2

In sum, this Court finds that Plaintiff's allegations to be inadequately pleaded. Plaintiff fails to offer sufficient facts to establish a Title VII violation. Accordingly, Defendant's Motion based on a Rule 12(b)(6) challenge is granted.

## IV.     CONCLUSION

For the foregoing reasons, the Motion is ultimately granted. An Order accompanies this Memorandum Opinion.

Dated: August 2, 2022

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge

---

(where plaintiff failed to allege facts supporting one of the elements for a Section 1983 claim, his claims were so "insubstantial" as to deprive the court of federal question jurisdiction).